**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

# LETTER OPINION

December 4, 2007

Alan Genitempo, Esq.
Piro, Zinna, Cifelli, Paris & Genitempo, P.C.
360 Passaic Avnue
Nutley, NJ 07110
    (*Attorney for Plaintiff*)

Andrew L. Richards
Iram P. Valentin
Kaufman Dolowich & Voluck LLP
Court Plaza South
21 Main Street, Suite 251
Hackensack, NJ 07601
    (*Attorneys for Defendants*)

    **RE:**   **Joseph DelGuercio v. NCI Construction Corp., et al.**
           **Civ. No. 07-2350 (WJM)**

Dear Counsel:

    This matter comes before the Court on a Motion to Dismiss filed by Defendants NCI Construction Corporation and Norman Rijo. This matter was decided on the parties' submissions. Fed. R. Civ. P. 78. For the reasons discussed below, the Motion to Dismiss is **DENIED** and the Complaint is **TRANSFERRED** to the U.S. District Court for the Eastern District of New York.

## Background and Procedural History

    This case arises from Plaintiff Joseph DelGuercio's employment as Vice President

of Business Development at NCI Construction, Inc., a company based in Lake Success, New York. (Compl. Ex. A.) The terms of Plaintiff's employment were set forth in a one-page contract, which was signed by Plaintiff and by Defendant Norman Rijo, NCI's President, effective May 24, 2006. (*Id.*) Under the contract, Plaintiff was entitled to an annual salary of $110,000 in addition to 1% commissions on the gross volume of work he procured for the company. (*Id.*) Plaintiff alleges that when he joined NCI, he had 30 years of experience within the industry, as well as an excellent relationship with his previous clients and various industry contacts. (Compl. ¶ 8.) Plaintiff contends that during his employment with NCI, he quickly obtained new business and made various lucrative contracts on its behalf. (*Id.* ¶ 9.) Plaintiff alleges that on September 15, 2006, just after he had begun building momentum with his business contacts, and after he had brought in a contract valued at approximately $1,000,000, he was abruptly and wrongfully terminated by NCI and Rijo in violation of his employment contract, in furtherance of a bad faith motive by NCI to steal Plaintiff's contracts and avoid paying him rightfully owed commissions. (*Id.* ¶¶ 3, 10.)

Plaintiff filed suit in this Court on May 17, 2007, alleging breach of contract, conversion, tortious interference with economic advantage and unjust enrichment. Defendants argue that this Court lacks subject matter jurisdiction, personal jurisdiction and proper venue, and ask that the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (3). Defendants' motion is now before the Court.

## Discussion

As a threshold matter, the Court agrees with Defendants that venue is improper in the District of New Jersey. Because diversity of citizenship is the only proposed basis for federal jurisdiction in this case, the question of venue is governed by 28 U.S.C. § 1391(a). Under § 1391(a), a civil diversity action may be brought *only* in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Venue is not proper in the District of New Jersey under any of these provisions. Section 1391(a)(1) does not apply because even if the Court accepts Plaintiff's argument that NCI can be said to "reside" in both New York and New Jersey,

2

it is undisputed that Defendant Norman Rijo resides in New York. (Pl.'s Br. Opp. Mot. Dismiss 11; Compl. ¶ 2; Rijo Aff. ¶ 3; Rijo Reply Aff. ¶ 2.)[1]

Section 1391(a)(2) also does not apply. This matter's only apparent connections with New Jersey are that Plaintiff resides in New Jersey, that NCI has conducted some business in New Jersey, and that NCI's website indicates that it provides services to the "Tri-state area." (Genitempo Cert. Exs. A, B). While these latter facts regarding NCI might be relevant to a personal jurisdiction analysis, they do not help to establish proper venue in New Jersey when the particular events and omissions giving rise to Plaintiff's claim appear to have taken place entirely in New York. Specifically, NCI is headquartered in Lake Success, New York (Rijo Aff. ¶ 3; Compl. ¶¶ 2, 4); Plaintiff's interview took place in New York (Rijo Aff. ¶ 6); the employment contract was executed in New York (*id.*); an NCI satellite office was established for Plaintiff in New York City (*id.* ¶ 7); Defendants allege that Plaintiff was terminated for failing to attend a sales meeting in Lake Success, New York (*id.* ¶ 8); and one of the contracts for which Plaintiff claims he was denied commission was for a construction project in Staten Island, New York (*id.* ¶ 15).

Finally, Section 1391(a)(3) does not apply because the action could have been brought in another district, namely one of the courts of New York.

Defendant has moved only to dismiss the Complaint, not to transfer it, and Plaintiff has not requested transfer as an alternative to dismissal. However, this Court has the power to transfer the case *sua sponte*, in the interest of justice, pursuant to 28 U.S.C. §

---

[1] The Court was forced to disregard significant portions of both the Affidavit of Norman Rijo and the Reply Affidavit of Norman Rijo. Both affidavits are replete with highly inappropriate legal and factual arguments and address matters that are clearly outside of the affiant's personal knowledge. To cite just a few of the many egregious examples, Mr. Rijo avers that "Plaintiff did not set forth a dollar amount in his Complaint . . . because if he did so, he would essentially provide an argument which would cause his Complaint to be dismissed," and argues "[t]o make matters worse, Plaintiff, again hiding behind his attorney, claims . . . that he is owed approximately $700 in expenses. Where is the expense sheet? How come Plaintiff cannot state with certainty the amount owed . . . ?" (Rijo Aff. ¶ 18; Rijo Reply Aff. ¶ 8.)

Under Local Civil Rule 7.2(a), "[a]ffidavits shall be restricted to statements of fact within the personal knowledge of the affiant. Argument of the facts and the law shall not be contained in affidavits. Legal arguments and summations in affidavits will be disregarded by the Court and may subject the affiant to appropriate censure, sanctions or both." While it is well within this Court's discretion to impose sanctions, in this instance the Court will merely admonish Defendants' counsel that strict compliance with the Local Civil Rules is expected in the future.

1406(a).  Therefore, because this Court's analysis under § 1391(a)(2) establishes that venue is proper in the U.S. District Court for the Eastern District of New York, this matter will be transferred to that court.

Because the Court concludes that venue is improper in the District of New Jersey and that transfer is appropriate, the Court does not reach Defendants' argument that personal jurisdiction over Defendants is lacking in this district.

Similarly, the Court does not reach Defendants' argument that Plaintiff's claims fail to establish the minimum $75,000 amount in controversy required under 28 U.S.C. § 1332, which would deprive this Court of subject matter jurisdiction.  In the context of transfers pursuant to *forum non conveniens*, the Supreme Court recently reaffirmed that "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'"  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1191 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). In *Sinochem*, the Supreme Court noted that a *forum non conveniens* dismissal is not a determination on the merits, but "a determination that the merits should be adjudicated elsewhere."  *Id.* at 1192.  Accordingly, a court has discretion to bypass questions of subject matter and personal jurisdiction to dispose of an action on *forum non conveniens* grounds because such resolution "does not entail any assumption by the court of substantive 'law-declaring power.'"  *See Sinochem*, 127 S. Ct. at 1191-93 (quoting *Ruhrgas*, 526 U.S. at 484-85).  Because a dismissal or transfer pursuant to § 1406 represents a determination that the merits of the case *must* be adjudicated elsewhere, permitting such a determination to be made ahead of questions of subject matter and personal jurisdiction is a logical extension of *Sinochem*.  *See Gonzalez Cifuentes v. INS*, No: 04-2572, 2007 U.S. App. LEXIS 26022, at *5 n.2 (3d Cir. Nov. 7, 2007) (disposing of matter on *res judicata* grounds and noting "[b]ecause we do not reach the merits, we need not decide whether we lack subject matter jurisdiction"); *CONSOL Energy Inc. v. Berkshire Hathaway Inc.*, Nos. 06-2105 & 06-2152, 2007 U.S. App. LEXIS 25526, at **6-7 (3d Cir. Oct. 30, 2007) (affirming district court's decision to remand improperly removed case without first determining whether fraudulent joinder of defendant defeated subject matter jurisdiction).

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED** and Plaintiff's Complaint is **TRANSFERRED** to the U.S. District Court for the Eastern District of New York for further proceedings.

   s/William J. Martini
**William J. Martini, U.S.D.J.**